# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

SUE LARKIN                                          CIVIL ACTION NO.

VERSUS

                                                    20-493-SDD-EWD

MARRIOT INTERNATIONAL, INC.,
ET AL.

## NOTICE AND ORDER

This is a civil action involving claims for damages allegedly sustained by Sue Larkin ("Plaintiff") because of an incident that occurred on June 26, 2019 while Plaintiff was staying at the Courtyard by Marriott Alexandria hotel in Alexandria, Louisiana ("Incident").[1] Plaintiff alleges that she was "sitting on the bed [in her hotel room] in her undergarments" with the "Do Not Disturb" sign on her door "when, suddenly and without warning, a contracted Pest-Control worker entered her room with a hotel key card, causing [Plaintiff] great fear for her personal safety."[2] Plaintiff contends she suffered injuries and damages because of the Incident, caused by the fault of Marriott International, Inc. ("Marriott"), MCR Investors LLC ("MCR"), and/or Ecolab, Inc.[3] Plaintiff further claims that Marriott, MCR, Sompo America Insurance Company ("Sompo"),[4] and Ecolab are liable for her injuries and damages.[5]

On June 29, 2020, Plaintiff filed her Petition for Damages ("Petition") against Defendants in Nineteenth Judicial District Court for the Parish of East Baton Rouge.[6] On August 1, 2020,

---

[1] *See, generally*, R. Docs. 1-1, 1-2.
[2] R. Doc. 1-1, ¶ 5. Plaintiff amended her Petition to allege that the pest-control worker was employed by Ecolab, Inc. ("Ecolab"). R. Doc. 1-2, ¶ 5.
[3] R. Doc. 1-1, ¶ 6, 10-12; R. Doc. 1-2, ¶ 6, 13-15.
[4] R. Doc. 1-1, ¶ 11. Plaintiff alleges the Sompo insured Marriott and/or MCR at the time of the Incident. R. Doc. 1-1, ¶ 11.
[5] R. Doc. 1-1, ¶¶ 6, 10-12; R. Doc. 1-2, ¶¶ 6, 13-15. Marriott, MCR, Sompo, and Ecolab are collectively referred as "Defendants."
[6] R. Doc. 1-1.

Marriott, MCR, and Endurance Assurance Corporation ("Endurance") (collectively, "Removing Defendants") removed the matter to this Court, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[7]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction under 28 U.S.C. § 1332. As explained below, the Notice of Removal is deficient both as to citizenship allegations and as to amount in controversy.

### *Endurance as a Defendant versus Sompo*

In the Notice of Removal, Removing Defendants allege (1) that Endurance is "incorrectly named as Sompo," and (2) that Endurance is "a Delaware corporation."[8] Removing Defendants' allegations as to Endurance's citizenship are deficient. Moreover, Endurance is not currently a named defendant in this suit, and the Notice of Removal fails to allege the citizenship of the presently named defendant, Sompo.

28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the **defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending."[9] In an unpublished opinion, the Fifth Circuit has stated that "[u]nder 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court. A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings."[10] However, some courts in this Circuit have permitted cases to proceed

---

[7] R. Doc. 1, at introductory paragraph and p. 3.
[8] R. Doc. 1, at introductory paragraph and Section II(A)(i).
[9] Emphasis added.
[10] *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437 (5th Cir. 2014) (citations omitted).

notwithstanding removal by a party who is not named where the parties agree the removing party is misnamed (*i.e.*, the removing party is the intended defendant) and "the Court would not be manufacturing diversity jurisdiction based on inserting defendants into or dismissing them from a case."[11]

To the extent Sompo (*i.e.*, the named defendant) is also diverse from Plaintiff, the question of which party is the proper defendant does not affect this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (*i.e.*, the *de facto* substitution of Endurance in the place of Sompo—to the extent such substitution would be proper—would not result in the manufacturing of diversity in contravention of *De Jongh*).[12]

---

[11] *Lefort v. Entergy Corp.*, No. 15-1245, 2015 WL 4937906, at *3 (E.D. La. Aug. 18, 2015).

[12] The *De Jongh* Court separated the procedural question of whether the removing entity had authority to remove from whether the court had subject matter jurisdiction. *De Jongh*, 555 Fed. Appx. at 438-39 ("State Farm never properly became a defendant and therefore lacked the authority to remove this action to federal court; moreover, the district court lacked subject matter jurisdiction because each of the proper parties to this action – Jongh, Lloyds, and Johnson – are Texas residents.") and n. 5 ("State Farm contends that, to the extent it erred in improperly removing the case to federal court as a non-party, such error is, at worst, a 'procedural defect' that Jongh waived when she failed to move for remand within thirty days of removal. We disagree. State Farm's removal of this case did not transform it into a party to the case. Thus, even if we overlook the impropriety of State Farm removing, when we analyze the parties to the case for diversity, we find all Texas citizens, such that we lack diversity jurisdiction."). Although the Fifth Circuit has not directly ruled on the question of whether removal by a non-party is a procedural defect that can be waived, it has indicated that such a position is "plausible." *See Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 328 Fed. Appx. 946, 948 and n. 1 (5th Cir. May 18, 2009) (*per curiam*) (noting that "[i]n this Circuit, any objection to removal that does not involve whether the action could have originally been brought in federal district court is a procedural error that may be waived by a litigant's failure to object to removal within the 30-day period provided in § 1447(c), rather than a lack of subject matter jurisdiction."). At least one district court in this Circuit has disagreed that *De Jongh* allows a distinction between the question of subject matter jurisdiction and authority to remove. *See Griffin v. Walmart, Inc.*, No. 18-430, 2018 WL 2389701, at **3-4 (N.D. Tex. May 25, 2018) (relying on *De Jongh*'s "broad language" that a non-party lacks authority to institute removal proceedings and disagreeing that *De Jongh* "addresses the specific circumstance of a court unilaterally allowing the substitution of a diverse defendant in place of a non-diverse one.") (*quoting Richard v. USAA Cas. Ins. Co.*, No. 17-175, 2017 WL 8944429 (M.D. La. Nov. 30, 2017)). The *Griffin* court went on to hold that "under § 1441(a) and *De Jongh*, the analysis stops when a court has determined the removing party is not a defendant; if it is not, it cannot remove even if its citizenship is not being used to manufacture diversity." *Id.* at *4. Significantly, the Motion to Remand in *Griffin* (which was filed within 30 days after the filing of the notice of removal) was premised on the argument that a non-party had improperly removed the action. The undersigned agrees that pursuant to 28 U.S.C. § 1441(a), only "the defendant or the defendants" have the right to remove but considers removal by a non-party to be a waivable procedural defect. Here, the notice of removal was filed more than thirty days ago, but the defect has not been timely raised, *see* 28 U.S.C. § 1447(c). Therefore, this Order is only concerned with the non-waivable issue of whether subject matter jurisdiction exists.

*Citizenship of Plaintiff, Marriott, MCR, Endurance/Sompo, and Ecolab*

The party asserting federal jurisdiction must "distinctly and affirmatively" allege the citizenship of all parties, and "allegations phrased in the negative are insufficient." It is not clear that the parties are diverse because citizenship has not been adequately alleged as to any party other than Plaintiff.

In their Notice of Removal, Defendants state, "Plaintiff is a resident of Stafford County, Virginia."[13] Allegations of residency are not sufficient to establish the citizenship of an individual; rather, "[f]or diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."[14] Accordingly, to properly plead Plaintiff's citizenship, Defendants should have affirmatively plead Plaintiff's domicile. However, because Plaintiff alleges in her Petition that she is a "resident and domiciliary of Stafford, Virginia,"[15] it appears that Plaintiff is a citizen of Virginia for diversity purposes.

As to Marriott, the Notice of Removal states, "Marriott is a Maryland corporation."[16] Likewise, the Petition claims that Marriott is "a foreign corporation authorized to do and doing business in the State of Louisiana…"[17] Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"[18] Neither the Notice of Removal nor the Petition adequately allege the place of incorporation and principal place of business of Marriott.

---

[13] R. Doc. 1, at Section II(A)(i).
[14] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).
[15] R. Doc. 1-1, at introductory paragraph.
[16] R. Doc. 1, at Section II(A)(i).
[17] R. Doc. 1-2, ¶ 2.
[18] *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").

As to MCR, the Notice of Removal states, "MCR is a Delaware limited liability company; its single member is Tyler Morse who is a resident of the State of New York."[19] These are not sufficient allegations regarding MCR's citizenship because they do not adequately allege the citizenship of MCR's "single member," Tyler Morse, as required by 28 U.S.C. § 1332(a). "[T]he citizenship of a limited liability company is determined by the citizenship of all of its members" for diversity purposes.[20] Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c).[21] The same requirement applies to any member of a limited liability company which is also a limited liability company.[22] As with Plaintiff, allegations of residency are not sufficient to establish the citizenship of an individual; rather, "[f]or diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."[23] Accordingly, to properly plead MCR's citizenship, Removing Defendants must affirmatively plead Tyler Morse's domicile.

As to Endurance, Removing Defendants allege that it is a "Delaware corporation."[24] Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal

---

[19] R. Doc. 1, at Section II(A)(i).
[20] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).
[21] *Id*.
[22] *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd*., No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).
[23] *Mas*, 489 F.2d at 1399.
[24] R. Doc. 1, at Section II(A)(i).

place of business…"[25] Neither the Notice of Removal nor the Petition[26] adequately allege the place of incorporation and principal place of business of Endurance.

Finally, while the Petition states that Ecolab is a "foreign corporation authorized to do and doing business in the State of Louisiana,"[27] the Notice of Removal does not allege Ecolab's citizenship.[28] Removing Defendants must affirmatively allege Ecolab's citizenship.

### *Amount in Controversy*

It is also not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[29] Plaintiff alleges she sustained "severe mental anguish and emotional distress," including "inconvenience, constant fear for her safety, sleeplessness, fear of traveling, and severe anxiety" when an Ecolab pest-control worker "suddenly and without warning" entered her Courtyard by Marriott Alexandria hotel room while she was sitting on the bed in her undergarments.[30] Plaintiff claims she suffered past, present, and future severe emotional distress, mental anguish and suffering, medical expenses, loss of enjoyment of life, lost wages and benefits and/or loss of earnings capacity, inconvenience, and costs for travel cancellations.[31] In their Notice of Removal, Removing Defendants "suggest" that "Plaintiff has alleged claims in excess of $75,000," based on (1) the foregoing injuries and damages allegations, and (2) Plaintiff's counsel's "statement that she cannot stipulate to damages less than $75,000.00"[32]

---

[25] *See also, Getty Oil*, 841 F.2d at 1259.
[26] The Petition contains no allegations regarding Endurance's citizenship, as Plaintiff alleges that Sompo insured Marriott and/or MCR at the time of the Incident. R. Doc. 1-2, ¶ 2. Regardless, Plaintiff alleges that Sompo is a "foreign insurance company authorized to do and doing business in the State of Louisiana." *Id.* These allegations in the Petition are insufficient to establish Sompo's citizenship for the reasons explained above.
[27] R. Doc. 1-2, ¶ 2.
[28] *See* R. Doc. 1.
[29] *See* 28 U.S.C. § 1332(a).
[30] R. Doc. 1-1, ¶ 5-6, 12; R. Doc. 1-2, ¶ 5, 6, 13.
[31] R. Doc. 1-1, ¶ 12.
[32] R. Doc. 1, at Section 2(A)(ii) and Conclusion.

The allegations in the Petition do not provide enough information to determine if Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. First, Plaintiff's demands for general categories of damages (*e.g.*, emotional distress, mental anguish and suffering, medical expenses, loss of enjoyment of life, inconvenience, lost wages and benefits and/or loss of earning capacity, costs of travel cancellations, etc.)[33] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[34] Removing Defendants have not provided a description of the specific injuries suffered by Plaintiff, the nature of Plaintiff's medical treatment, the amount of medical expenses Plaintiff has incurred, the nature or extent of Plaintiff's alleged "severe anxiety," Plaintiff's prognosis or recommended future treatment, whether Plaintiff has incurred "cost of travel cancellations" and, if so, the amount, or whether Plaintiff is working/can work. There is also is no evidence of any settlement demand, discovery responses, or other relevant documents that would have bearing on the amount in controversy.[35]

Removing Defendants also attempt to show that the amount in controversy is satisfied through statements allegedly made by Plaintiff's counsel, including that "she cannot stipulate to damages less than $75,000.00."[36] This allegation is also insufficient. First, a plaintiff's refusal to execute a stipulation is only one factor to be considered and is not determinative of the amount in

---

[33] R. Doc. 1-1, ¶ 12.
[34] *Davis v. JK & T Wings, Inc*., No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cited cases.
[35] The Petition also does not contain a jury demand.  While not dispositive, a demand for trial by jury in Louisiana would at least indicate that Plaintiff believes her damages exceed $50,000.  *See* La. Code. Civ. Proc. art. 1732 and *Batiste v. Stryker Corp*., No. 19-574, 2020 WL 2245845, at n. 33 (M.D. La. April 22, 2020).
[36] R. Doc. 1, at Section II(A)(ii).

controversy.[37] Second, when—as here—the facially apparent test is not met, the district court may require the parties to "submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal."[38] While the Notice of Removal alleges that certain statements were made by Plaintiff's counsel, such statements are not summary-judgment-type evidence.[39] Removing Defendants have not submitted any summary-judgment-type evidence bearing on the amount in controversy for the Court consider.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity among the parties and the amount in controversy requirement has been met.[40]

Accordingly,

**IT IS ORDERED** that **by no later than September 21, 2020**, Removing Defendants shall file a comprehensive Amended Notice of Removal, that contains all their numbered allegations as revised, supplemented, and/or amended, without reference to any other document in the record, and that adequately alleges (1) the citizenships of Marriott, Endurance, Sompo,[41] and Ecolab, including their respective places of incorporation and principal places of business; and (2) the citizenship of MCR's "single member," Tyler Morse, including his domicile, as described in this Ruling and Order.

---

[37] *See, e.g.*, *Johnson v. Petsmart, Inc.*, No. 16-3448, 2017 WL 360265, at *5 (E.D. La. Jan. 25, 2017) *and id.* at n. 83, ("See *Aldrich v. DBP Holding Corp.*, No. 13-5729, 2014 WL 2215707 (E.D. La. May 28, 2014) (plaintiff's failure to stipulate damages 'is not conclusive evidence that a claim exceeds $75,000'; *see also Carbajal v. Caskids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392 (E.D. La. Apr. 18, 2006); *Buchana v. Wal-Mart Stores, Inc.*, No. 99-2783, 1999 WL 1044336 at *3 (E.D. La. Nov. 17, 1999) ('Although some courts have considered failure to stipulate in deciding whether to remand, courts in this district and others have found that factor alone does not satisfy a defendant's burden.').")

[38] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995); *Delta Coatings, Inc. v. Travelers Property Casualty Co. of America*, No. 15-222, 2016 WL 7851411, * 2 (M.D. La. Oct. 21, 2016).

[39] *Trill Entertainment, LLC v. BCD Music Group, Inc.*, No. 07-559, 2018 WL 4853024, *1 (M.D. La. Nov. 7, 2008).

[40] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

[41] To the extent Removing Defendants allege that Sompo is not a corporation, then they must nonetheless allege Sompo's citizenship, as described in this Ruling and Order.

  **IT IS FURTHER ORDERED** that **by no later than September 21, 2020**, Removing Defendants shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

  **IT IS FURTHER ORDERED** that **by no later than October 1, 2020**, Plaintiff shall file either: (1) a Notice stating that Plaintiff does not dispute that Removing Defendants established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

  The case will be allowed to proceed if jurisdiction is adequately established.

  Signed in Baton Rouge, Louisiana, on September 11, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**