# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SUE LARKIN | CIVIL ACTION |
| VERSUS | 20-493-SDD-EWD |
| SOMPO AMERICA INSURANCE COMPANY, *et al* | |

## RULING

This matter is before the Court on the *Motion to Dismiss*[1] filed by Defendants Marriott International, Inc. ("Marriott"), MCR Investors LLC ("MCR"), and Endurance Assurance Corporation ("Endurance")(collectively, "Defendants"). Plaintiff Sue Larkin ("Larkin") filed an *Opposition*,[2] to which Defendants filed a *Reply*.[3] For the reasons that follow, the Court finds that Defendants' *Motion* shall be GRANTED.

## I.  FACTUAL BACKGROUND

On June 26, 2019, Plaintiff Sue Larkin was a guest at the Courtyard by Marriott hotel in Alexandria, Louisiana. She alleges that she was in her hotel room, "sitting on her bed in her undergarments,"[4] when a pest control service technician employed by Ecolab, Inc. ("Ecolab") entered her room with a hotel key card. Larkin alleges that the technician entered her room despite the "Do Not Disturb" sign she had placed on the door and that his unexpected entrance caused her "great fear for her personal safety."[5]

---

[1] Rec. Doc. No. 34.
[2] Rec. Doc. No. 36.
[3] Rec. Doc. No. 37.
[4] Rec. Doc. No. 34-4, p. 1.
[5] *Id*. at p. 2.

Larkin filed suit in the 19th Judicial District Court in Baton Rouge, Louisiana, and Defendants removed the suit to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.[6] The *Supplemental and Amending Petition for Damages* sought to hold Defendants liable for "negligent infliction of genuine and serious emotional distress" as well as negligent hiring and supervision and failure to properly train their employees.[7]

Larkin's claims against Defendant Ecolab, Inc. were dismissed after she failed to timely oppose Ecolab's *Motion to Dismiss* and, despite this Court granting her an extension of time in which to do so, failed to timely file a *Response* explaining the failure to oppose.[8] Now, the remaining defendants move for the dismissal of Larkin's claims against them, for a number of reasons. First, Defendants argue that Larkin has not stated a claim for negligent infliction of emotional distress because she has not alleged facts that show that their conduct was "outrageous." Second, Defendants contend that, while Larkin alleges that they owned and operated the hotel where she was staying, Larkin's claim is against Ecolab, Inc. and its employee, and she has not alleged any facts that state a claim for vicarious liability against Marriott and MCR. After reviewing the pleadings and the applicable law, the Court concludes that Larkin has failed to state a claim.

## II.  LAW AND ANALYSIS

### a. Motions to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[9] The Court

---

[6] Rec. Doc. No. 1.
[7] Rec. Doc. No. 24-3, p. 3.
[8] *See* Rec. Doc. No. 38.
[9] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin v. Eby Constr.*

may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"[10] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[11]

In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[12] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[13] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[15] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[16] "[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual

---

*Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[10] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v, Portfolio Equity, Inc.*, 540 F. 3d 333. 338 (5th Cir. 2008).
[11] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted) (hereinafter *Twombly*).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted) (hereinafter "*Iqbal*").
[14] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).
[15] *Id.*
[16] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

allegation.'"[17]

    b. <u>Analysis</u>

Defendants filed the instant *Motion to Dismiss* on August 12, 2021. Accordingly, pursuant to the Local Rules of this Court, Larkin's *Opposition* was due twenty-one days later, on September 2, 2021. Without seeking leave of Court to file untimely, Larkin filed her *Opposition* on September 28, 2021. This tardiness is especially egregious because it represents the third time in this case that Larkin has failed to abide by a deadline. After her claims against Ecolab were dismissed because of her failure to timely oppose, Larkin was surely on notice that her *Opposition* to this *Motion* should be filed timely.

In addition to being untimely, Larkin's *Opposition* lacks merit. It begins by offering a greatly expanded factual narrative from the one presented in the *Supplemental and Amending Petition for Damages*. These allegations are wasted here, as it is axiomatic that a complaint may not be amended by briefs in opposition to a motion to dismiss.[18] Further, Larkin fails to articulate how the allegations that are properly before the Court give rise to a plausible claim for negligent infliction of emotional distress ("NIED") by Defendants.

"Louisiana law does not generally recognize an independent cause of action for negligent infliction of emotional distress."[19] The cause of action "is available under limited circumstances only."[20] Specifically, Louisiana law recognizes a cause of action for negligent infliction of emotional distress only in extraordinary situations, where there is an

---

[17] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[18] *Synergy Mgmt., LLC v. WDM, Inc.,* No. CV 20-850-SDD-EWD, 2021 WL 3057411, at *3 (M.D. La. July 20, 2021).
[19] *Directv, Inc. v. Atwood*, No. CIV.A. 03-1457, 2003 WL 22765354, at *3 (E.D. La. Nov. 19, 2003)(quoting *Lann v. Davis,* 793 So.2d 463, 466 (La.App. 2d Cir.2001).
[20] *Id*.

"especial likelihood of genuine and serious mental distress, arising from ... special circumstances, which serves as a guarantee that the claim is not spurious."[21] To state a claim for negligent infliction of emotional distress, a plaintiff must allege the following elements: (1) that an independent, direct duty was owed to plaintiff by defendant; (2) that the duty afforded protection to plaintiff for the risk and harm caused; (3) that the duty was breached; and (4) that the mental anguish suffered by the plaintiff was genuine and serious.[22]

Larkin's *Complaint* fails to allege the above-stated elements in a way that relates sufficiently to the instant Defendants. Larkin repeatedly asserts that the actions of the Ecolab technician who entered her hotel room "were carried out with the knowledge that his actions could or would cause emotional distress to Plaintiff."[23] This is a conclusory assertion unsupported by specific factual allegations, and it pertains to Ecolab, not to the Defendants who remain in the case and urge the instant *Motion*. Larkin argues that Marriott is liable because its employees allegedly gave the Ecolab technician a list of unoccupied rooms that mistakenly included Larkin's room. Nowhere are these allegations found in the *Petition*, however; they appear only in the brief.

Larkin's *Supplemental and Amending Petition for Damages* alleges that she experienced "great fear for her personal safety" and "suffered severe mental anguish and emotional distress, including but not limited to, constant fear for her safety, sleeplessness, fear of traveling, and severe anxiety."[24] Larkin argues that Louisiana courts have

---

[21] *Moresi v. Department of Wildlife,* 567 So.2d 1081, 1096 (La.1990).
[22] *Taylor v. Clarke Power Servs., Inc.,* No. CV 16-15890, 2017 WL 5068337, n.9 (E.D. La. Nov. 2, 2017)(quoting *DirecTV, Inc. v. Atwood*, No. 03-cv-1457, 2003 WL 22765354, at *3 (E.D. La. Nov. 19, 2003)).
[23] Rec. Doc. No. 36, p. 6.
[24] Rec. Doc. No. 34-4, p. 2.

specifically recognized a cause of action for NIED arising out of "great fear for one's personal safety."[25] That is true. But those same courts have acknowledged that an NIED claim arises only out of "special circumstances" where "the defendant's conduct was outrageous or he knew or should have known that his conduct, judged in the light of the effect such conduct would have on a person of ordinary sensibilities, would cause genuine and severe mental distress, and is thus deemed to be outrageous."[26] Larkin's *Supplemental and Amending Petition for Damages* does not allege any specific conduct on the part of these Defendants whatsoever, let alone conduct that is likely to be deemed outrageous. Based on the narrative in her *Petition*, Larkin's mental distress was caused by Ecolab's "employee negligently entering [her] room with a hotel key card, disregarding the "Do Not Disturb" on [her] door and without knocking or announcing himself."[27] Those allegations do not implicate the instant Defendants; overall, Larkin's pleadings establish nothing more than a sheer possibility of liability on their part, which will not suffice.

In her *Opposition*, Larkin requests leave to amend her *Complaint* if the Court finds it to be deficient.[28] Generally, "Rule 15(a) requires a trial court to '*freely* give leave when justice so requires.'"[29] A district court must provide a "'substantial reason' to deny a party's request for leave to amend," such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., and futility of the amendment."[30] The Court finds

---

[25] Rec. Doc. No. 36, p. 8.
[26] *Covington v. Howard,* 49,135 (La. App. 2 Cir. 8/13/14), 146 So. 3d 933, 940, *writ denied*, 2014-1927 (La. 11/21/14), 160 So. 3d 973.
[27] Rec. Doc. No. 34-4, p. 2.
[28] Rec. Doc. No. 36, p. 14.
[29] *N. Cypress Med. Ctr. Operating Co., Ltd v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018) (emphasis added) (quoting Fed. R. Civ. P. 15(a)).
[30] *Id*. (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

that Larkin shall not be granted leave to amend, for several reasons. First and foremost, she has demonstrated repeated disregard for pleading deadlines, and the Court finds it ironic that Larkin seeks leave to amend by relying upon the same Federal Rules of Civil Procedure that she has felt free to disregard throughout this litigation. The Court previously extended Larkin opportunities to cure deficiencies, and those opportunities were not utilized.[31] It borders on bad faith for Plaintiff to improperly raise in her opposition brief a new factual narrative, more than a year after her suit was filed in state court. Under these circumstances, it would be prejudicial to force Defendants to respond to another round of pleadings.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendants' *Motion to Dismiss*[32] is GRANTED and Larkin's claims dismissed with prejudice.

Baton Rouge, Louisiana, 17th day of March, 2022.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[31] The Court refers to Larkin's failure to provide an explanation for her failure to oppose Ecolab's *Motion to Dismiss*.
[32] Rec. Doc. No. 34.